Thomas J. Morgan, plaintiff in error, *vs.* Seth K. Taylor, defendant in error.

1. A levy on sufficient personal property to satisfy the execution, undisposed of on the face thereof, is no legal ground for withholding the execution from the jury, if it be shown, *aliunde,* to the satisfaction of the presiding judge, that such levy was unproductive and without injury to the defendant.

2. A *bona fide* purchase of land by parol, with payment of part of the purchase money, and immediate entry by the purchaser into open and exclusive possession, more than four years before the levy of the execution against the vendor, and the payment of the balance of the purchase money, and taking a conveyance within four years prior to the levy, will, if such possession be continuous, discharge the land from the lien of the judgment. In such case, the four years' possession must be *open and notorious* for the full term.

3. A charge to the effect that if the defendant in *fi. fa.* and purchaser *agreed* to keep the trade a secret, the possession under it would be no protection to the claimant, who is the purchaser, is too broad.   Such an agreement is a circumstance tending to show bad faith in the sale, and to cast suspicion upon the fairness of the trade and the possession thereunder, but, *by itself*, it is not enough totally to destroy the claimant's right.   It should be considered in connection with the explanation of the parties and the other facts of the case, and the charge of the court should have been so restricted and guarded.

4. Where the evidence is conflicting, this court will not control the discretion of the court below in refusing a new trial on the ground that the verdict is contrary to the charge.

5. Diligence must be shown, and party and counsel must swear that they did not know of the testimony at the time of the trial, before the court will grant a new trial on the ground of newly discovered testimony.

6. Where the court erred in his charge on material points of law on which the jury might have found their verdict without considering the real issue of fact, on which the case should have been put by the court and determined by the jury, this court will grant a new trial, unless the evidence be so decisive, and without conflict, as to have required the verdict, notwithstanding such errors in the charge.

Claim.   Execution.   Evidence.   Judgments.   Lien.   Vendor and purchaser.   Statute of limitations.   New trial. Charge of Court.   Before Judge CLARK.   Sumter Superior Court.   October Adjourned Term, 1874.

Reported in the opinion.

HAWKINS & HAWKINS, for plaintiff in error.

N. A. SMITH; J. A. ANSLEY, for defendant.

JACKSON, Judge.

Taylor levied an execution upon a tract of land in the county of Sumter, as the property of Hooks, and Morgan claimed it.   Morgan bought from Hooks, and predicated his title to the land, as against the judgment, upon the ground that he was a *bona fide* purchaser from Hooks, the defendant in *fi. fa.*, and had been in possession of the land more than four years.   The jury found the land subject; a motion was made for a new trial on various grounds; the motion was

overruled and the new trial refused on all the grounds, and this refusal is assigned for error here.

1. The first ground for the motion is that the court erred in admitting the *fi. fa.* to go to the jury. There was a levy on sufficient personalty to satisfy the *fi. fa.*, but it was shown to have been unproductive, in the judgment of the court below, and we agree with him in that judgment: 6 *Georgia*, 392; 30 *Ibid.*, 433.

2. The second ground is, that the court erred in charging the jury to the effect that part of the purchase money paid, with possession, was not enough to begin the holding of the land adversely to the judgment, so as to discharge it from the lien of that judgment. We think this charge was error. Payment of part of the purchase money, with possession of the land, is sufficient ground on which to base a decree for specific performance when the contract is in parol, and we are at a loss to see why it is not sufficient to begin the four years' possession adverse to the judgment. The question is, was the purchaser in possession four years, holding as a *bona fide* purchaser from the defendant? If he was, it does not matter how much he had paid for it, or what remained unpaid, unless from the little paid the *bona fides* of the transaction was brought in question: Code, section 3187. But in this case the evidence is uncontradicted that all the purchase money was paid within the four years and a deed made, though not before or at the time of claimant's entry.

3. The third ground is that the court erred in charging to the effect that if *the agreement* was to keep the trade a secret, the possession under it would not protect the claimant. The question on which the case turned is, was the *possession* actually kept a secret, and not was it agreed that the trade should be kept secret? The agreement might have been a circumstance to show fraud, and the court might have charged it as such a circumstance to be weighed with the explanation of it by the parties, and the other facts of the case; but the mere fact that Hooks and Morgan *agreed* to keep the trade a secret, cannot, *alone*, destroy the right of the claimant. It may be a

circumstance, too, to show that Morgan's possession was secret, but it is not conclusive on that point. We agree with the court below, that the claimant's possession should be open—palpable to the world, in order to relieve the land from the lien of the judgment, for the simple reason that the plaintiff in execution has four years in which to enforce his judgment, and if Hooks were still on the land, or if his agent and overseer were there, holding under Hooks, and ignorant of the trade, and not holding under the claimant, the plaintiff might well conclude that the land was still the property of Hooks, and the possession still his, and that he need not be on the alert to levy his *fi. fa.* The possession, therefore, must be open and notorious for the entire four years; but the court erred, we think, in holding that the mere agreement to keep the trade a secret destroyed the entire right of the claimant.

4. The fourth ground is, that the jury found contrary to the following charge of the court: "That if the personal property levied on in October, 1868, was claimed, and damage and replevy bonds were taken, and if the claim was dismissed in 1871, and if the property was not brought up at the time and place of sale to answer the claim, then that is a satisfaction of the *fi. fa.*, so far as the claimant is concerned, and the lien was, by the forfeiture, lost." The testimony was conflicting on the point. Hooks swore that the property was not his, and the jury might well have found as they did, because nobody was hurt. The court, by refusing a new trial on this ground, held that the jury did not find against his charge, and we will not control his discretion in so ruling.

5. We think that there is nothing in the next ground as to the newly discovered evidence. Neither the claimant nor his counsel swear that they did not know of the evidence of the witness before the trial. The claimant ought to have known it, for he was with the witness and saw everything the witness swore he would testify. Besides, the witness should have been sworn, and there is want of diligence, we think.

6. As to the last ground that the verdict is contrary to the evidence, without evidence, and contrary to the principles

of justice, we must say that it strikes us that the weight of the testimony is with the verdict. Hooks' family did not leave the place until May ; what time in May does not appear, it might have been after the 21st of May, 1869, and the levy was made on the 21st of May, 1873. Hooks' agent and overseer, who, it seems, never held under the claimant, never left the place till August, 1869. On the other hand, we have only the testimony of the claimant and of Hooks that the sale was in February, 1869, and the possession, as between the two, was thenceforward in the claimant, and whatever Hooks did in managing the place thereafter, was as agent of the claimant. To say the least, the evidence is conflicting on this point. The possession during 1869, up to August, if in the claimant at all, was hardly open and notorious, as we think it should have been to discharge the land from this lien. According to the repeated rulings of this court, we should, therefore, let this verdict stand, if we were satisfied that the jury had passed upon the issue of the four years open and notorious possession by claimant. But we cannot say that they did. The court charged that his possession availed him nothing unless all the purchase money was paid, and the jury may have found their verdict on that charge without passing upon the true issue. The court charged that an agreement to keep the trade a secret, *of itself*, rendered the claimant's possession unavailing, and the jury may have found their verdict upon this agreement alone. We think, therefore, that the case should be again heard, and the true issue, as indicated in this opinion, fairly passed upon by the jury.

Judgment reversed.