### TAYLOR *vs.* MORGAN.

1. The question on four years' possession of realty under title from the defendant in *fi. fa.*, discharging the property from the lien of judgments, does not turn upon the nature of the defendant's title, but the *bona fides* of the purchaser and his open and notorious possession; therefore, the fact that defendant had taken homestead in the land before the sale, was properly ruled out.
2. Whilst a brief of the evidence agreed upon at a former trial is admissible to attack the testimony of witnesses who swore at both trials, the proper foundation should be laid by asking the witnesses if they did not swear to certain facts on the former trial? and then, if denied, that portion of the brief should be offered and specified which attacks them.
3. Possession under purchase from defendant in judgment must be open and notorious for four years, and the evidence must be sufficient to show that it was open and notorious for that time.

Judgments.　Lien.　Prescription.　Title.　Evidence. Witness.　New trial.　Before Judge Crisp.　Sumter Superior Court.　April Adjourned Term, 1878.

Reported in the opinion.

N. A. Smith; J. A. Ansley, for plaintiff in error, cited as follows: On the question of homestead, to show nature of title conveyed, Code, §2025; 55 *Ga.*, 383; Code, §3583; Bouv. L. Dic., "Purchase." On the introduction of the

brief of evidence, 28 *Ga.*, 19; on nature of possession, 55 *Ga.*, 225.

HAWKINS & HAWKINS, for defendant.

JACKSON, Justice.

This case turned upon the possession of the purchaser from the defendant in execution for four years after judgment, and no levy or other proceeding to dispossess him.

When the case was here before, we held that the court erred in ruling that if the parties had agreed to keep the trade secret, then the possession would be no protection to the purchaser; without more, we held that such an agreement was a circumstance tending to show fraud, but that the true issue was whether the purchase was honest and *bona fide* and the possession open and notorious.

We also held another charge erroneous, and sent the case back—the verdict then being that the land was subject. See 55 *Ga.*, 224.

Now the verdict is for the claimant, and the plaintiff in execution excepts.

The motion for a new trial is based upon three grounds:

1. It is alleged that the court erred in ruling out certain homestead papers and records, the object of which was to show that the title to the land was in the defendant in *fi. fa.* for his family at and before the date of his sale to the purchaser. The question is not what title the defendant had, but did the purchaser buy and pay for the land and hold possession openly and notoriously for four years? If the purchaser did these two things, he will hold the land against this judgment, no matter what sort of title defendant in *fi. fa.* had when he sold.

2. The next ground is the refusal of the court to admit in evidence a brief of the evidence on a former trial agreed upon by the parties as correct, in order to impeach the testimony of witnesses who swore on the two trials. It does not appear from the record that questions were put to the

witnesses, in respect to what they did specifically swear at the former trial, and that, upon their denial that they did so testify, such portions of the brief were offered as contradicted them. Had this been done, the brief would have been admissible, perhaps, but, as it was not done, the court certainly did not err.

  3. The next and last ground is that the verdict is not supported by the evidence, but is contrary to the charge of the court and to the law of the case.

We very rarely interfere with the judgment of the superior court upon such grounds as these, but we feel that the evidence disclosed in this record demands our interposition. It shows not only the agreement to keep secret the trade, but it shows that it was in fact kept secret from a great many people, including the farm hands and overseer, so that the possession does not appear from the evidence here disclosed, to have been of that open and notorious character necessary to sustain this verdict in law. We must therefore reverse the judgment.

Judgment reversed.