## COX *et al. vs.* PRATER.

1. One who purchases land with notice that the same is subject to the lien of a judgment at the time of the purchase, is not such a *bona fide* purchaser as the law will protect by four years' possession.
2. The charge of the court was based on the evidence.
3. Possession which will displace the lien of a judgment must be open and notorious, in good faith and exclusive.
(a.) If one who was not entitled to protection under the four years' statute claims to have held for another who could claim such protection, he should have done so openly.

4. If a levy was made on land within four years of its sale by the defendant in *fi. fa.*, but the sale did not take place until after the expiration of the four years, the proof accounting reasonably for the delay, then the possession can only be counted in favor of the purchaser up to date of levy. Especially so where the purchaser or his agent was instrumental in causing the delay in selling.

5. A request unauthorized by the evidence should not be given in charge.

6. To make possession such as will displace the lien of a judgment, some sort of notice of the adverse possession should appear, or at least such circumstances as to put the plaintiff in *fi. fa.* on inquiry.

7. Where one party makes a witness of his adversary, relying upon what the latter had sworn at a former trial of the case, and is entrapped by the witness changing his testimony, such witness may he impeached by him.

8. On a second trial of a case, a brief of evidence agreed upon at a former trial is admissible for the purpose of impeaching a witness, the proper foundation therefore being first laid.

Judgments. Liens. Statute of Limitations. Charge of Court. Witness. Evidence. Before Judge FAIN. Whitfield Superior Court. April Term, 1881.

Reported in the decision.

JOHNSON & McCAMY, for plaintiffs in error.

I. E. SHUMATE, for defendant.

CRAWFORD, Justice.

This was an action of ejectment brought by B. F. Prater to recover of Hiram Cox forty acres of land to which he claimed title. Afterward J. P. Cox, the son of the defendant, was made a party. Plaintiff's right was that of a purchaser of the land at sheriff's sale as the property of one Varnell.

The defendants rested their title on what they claimed to be a *bona fide* purchase from Varnell with four year's possession. This was met by the plaintiff replying that under the law the purchase could not have been *bona fide,*

because the *fi. fa.* under which the land was sold, was not only against Varnell, but also against Hiram Cox, the alleged purchaser of this land for his son, J. P. Cox, and who had actual notice of the fact that this judgment lien covered the land.

1. One of the questions made by the record in this case is, whether one who purchases land, with notice that the same is subject to the lien of a judgment at the time of the purchase, is such a *bona fide* purchaser as the law will protect when he has been in the possession thereof for four years.

When this case was up before us at the February term, 1880, it was held by a majority of the court that he was not such a purchaser as would be protected under section 3583 of the Code; which ruling only followed that of *Phillips vs. Dobbins*, 56 *Ga.*, 617, and in both of which cases the present Chief Justice dissented. The decision of this question, however, in this *same case*, we hold must control it, and whatever might be done with the principle ruled when reviewed in another case, the question is *stare decisis* as to this.

2. The next assignment of error is, that there was no evidence submitted to the jury which authorized the following charge: "If the purchase was made with the intention of covering up, and protecting the land from the debts of Hiram Cox, who was the real purchaser, then the possession would not protect the defendant in this case. To determine this you can look at all the testimony, what was done, and what was said by the parties, both before and after the purchase was made."

The evidence shows that Hiram Cox was indebted as a defendant in this judgment, which amounted to some $500.00; that he only was known to Prater and the sheriff as the purchaser of the land; that he alone had the sale postponed, that he might make a further effort to pay for it; that he paid the advertising fee, and did everything himself which was done to avoid a sale. Besides, he alone

pleaded to the case until the trial term; indeed the testimony was quite sufficient to satisfy the jury that the effort was to cover up this land from the debts of Hiram Cox.

3. The judge charged the jury as follows: "Possession which will displace the lien must be open and notorious, in good faith and exclusive; a joint possession of H. and J. P. Cox would not be such exclusive possession as the law requires to protect the defendant in this case, unless you find that H. Cox was holding under and for J. P. Cox, and openly so." This is also alleged as error. Under the proof in the case, there was really no possession except that about thirty yards of this land had been used in making a dam to the mill of Hiram Cox on an adjoining lot, and that it was so used because much of the dam could be built with brush. If any possession were shown, it appeared to be in Hiram and not J. P. Cox, and Hiram was one of the defendants in the *fi. fa.*, and so long as either he or Varnell were in the possession of this land it was subject to levy and sale. Of course, if there had been no change of possession into J. P. Cox, one of his elements of title was wanting to discharge this lien. And if Hiram Cox held the land for his son, it certainly should have been openly so. The evidence shows further that Varnell had a sort of fence around this forty acres, and had the possession also of the sixty acres of land which, with the forty, made the one hundred that were sold, and of which he kept possession until the sale. So that there was nothing really done by either of the Coxes to indicate any change of possession relative to J. P. Cox or any tenant of his. Under the ruling in the case of *Taylor vs. Morgan*, 61 *Ga.*, 46, there was no error in this change.

4. The following charge is assigned as an errror: "If the levy was made within four years of the alleged purchase, and was not sold for a year or more, and the proof accounts reasonably for the delay, then possession can only be counted in favor of the defendants up to the date of the levy."

In view of the evidence in the record which shows that the delay was at the instance of one of the defendants, Hiram Cox, and who was also the father and agent of J. P. Cox, and the party managing this entire transaction, there was no error in this charge, and especially so when in order to obtain the delay he asks for it, and pays the advertising fee.

5. The court was requested to charge the jury that, "If Varnell went out of possession, and either or both of the Coxes went in and built a dam on it, either singly or together, severally or jointly, and Prater had notice of the change, this would make such notorious possession as is required by the law. If Prater had actual notice of the change of possession, he cannot deny the possession of Cox. The fact that H. Cox was a defendant in the *fi. fa.* will not effect the case. Prater claims under Varnell's title, and the question is, did Varnell go out and others go in, and did Prater have notice of the fact. If so, then the possession is sufficient so far as the notoriety of the question is concerned."

This charge was unauthorized by the evidence, and the refusal to give it was in conformity to the uniform ruling of this court. There were two other general objections to it. First, the fact that Hiram Cox was the *principal defendant in the fi. fa., would affect* the case, because his possession of the land rendered it *prima facia* liable to the execution. Second, the question was not whether Varnell went out and *others* went in, but did J. P. Cox go in.

6. There were two other requests to charge by defendant's counsel, to the effect that whether J. P. Cox went into possession by himself or tenants, *that* was such possession as would comply with section 3583 of the Code, and that this would be so without regard to the particular person who was tenant, so he held to the exclusion of all persons not recognizing the title of J. P. Cox. These requests the court gave, adding that some sort of notice of

Cox *et al. vs.* Prater.

the adverse possession should appear, at least such circumstances should appear as to put the plaintiff on inquiry or notice.

The additional words were excepted to as error. The possession under purchase from defendant in judgment must be *open* and *notorious* for four years, and the evidence must be sufficient to show that it was open and notorious for that time. *Taylor vs. Morgan*, 61 *Ga.*, 46.

7. Hiram Cox having been introduced as a witness by the plaintiff, and having sworn that he did not negotiate for this land for his son, he was asked if he did not so testify at the former trial; the testimony appearing in the brief of evidence taken on that trial being read to him. Defendant's counsel objected on the ground that plaintiff could not impeach a witness whom he had called. The objection was overruled and the defendant excepted. A party is not permitted to impeach a witness voluntarily called by him, except in cases where he has been entrapped by him by previous contradictory statements. Code, §3869.

The record shows that the testimony of this witness was an utter surprise to the party introducing him, by reason of his previous testimony in this same case on a former trial. It had been agreed upon by the counsel of both parties, approved and sanctioned by the presiding judge, and incorporated in the brief of the oral testimony to be used on the motion for a new trial. When the witness swore directly contrary thereto, of course it was unexpected, and inexplicable except upon the theory that the witness having learned where the case was lost before, determined to protect his or his son's interest by a square denial of what he had sworn before. Under such a state of facts, not to have allowed the party introducing him to have impeached him, would have been a clear case of judicial injustice and perversive of law. The foundation was laid by questions put upon his recorded testimony as well as to what he swore on the former trial, and this was sufficient to

justify the question propounded to him and afterwards to impeach him. A party is not to be sacrificed by his witness, nor is he to be entrapped by a designing man who may thus swear in the interest of the adverse party. If this be not a case where one has been entrapped by a witness, not by previous contradictory statements as such ordinarily made, but by contradictory sworn statements, we must admit that the rule would be worthless, and ought to be abandoned. In any case where a witness is thus impeached, then nothing that he says is sufficient upon which to found a verdict, but where the witness is a party, then what he says under oath in favor of the party against whom he swears may be used as admissions upon his part to justify a verdict.

8. Another ground of error alleged is the allowing the extracts from the former brief of evidence to be read, and for which the foundation was laid by propounding questions to the witnesses, H. and J. P. Cox, therefrom as contained in the extracts. There can be no doubt but that the testimony of a witness, taken down by a magistrate may be used to show contradictory statements made by him. 1 Hawk's Law and Equity R., 344; 2 Smede & Marshall, R., 54; 7 *Ga.*, 471. And not only so, but a brief of evidence agreed upon at a former trial is admissible for the same purpose to attack the testimony of witnesses who swore at both trials where the foundation is laid. 61 *Ga.*, 46. Our opinion, therefore, is that the exceptions taken are insufficient to reverse the judgment, and that the same should stand affirmed.

Judgment affirmed.