## 3650.  COX *v.* McKINLEY.

1. In a suit on a promissory note, where the defendant admitted the execution of the note and that the plaintiff was the lawful holder, and assumed the burden of establishing an affirmative defense, it was erroneous to charge that the burden was on the plaintiff to make out his case by a preponderance of the evidence. A prima facie right to recover having been admitted and the burden assumed by the defendant, this instruction was calculated to mislead and confuse the jurors, and induce them to solve any doubts by finding against the plaintiff, especially as the evidence was close and a verdict for either party would have been authorized.

2. The evidence of a party as a witness on a previous trial of the case, contained in a brief of the evidence agreed to by his attorney and approved by the court and filed as a part of his motion for a new trial, is competent and admissible for the purpose of impeachment, proper preliminary proof for its introduction having been made.

DECIDED FEBRUARY 12, 1912.

Complaint; from city court of Cartersville—Judge Foute. June 24, 1911.

*M. C. Few,* for plaintiff.

*Thomas W. & Watt H. Milner,* for defendant.

HILL, C. J.  Cox sued McKinley on two promissory notes, alleged to have been given for the rental of land therein described for the year 1909. The defendant admitted the execution of the notes and set up, as a defense, that before the time arrived when he was to take possession of the land rented, he notified the plaintiff that he would be unable to carry out his contract, and thereupon the plaintiff rerented a portion of the land to other tenants and cultivated the remainder himself; and the defendant sets up these acts of the plaintiff as amounting in law to a rescission of the rental contract, and says that he was thereupon released from all liability on the notes. On the trial the testimony in behalf of the defendant tended to prove his defense. This defense was met by evidence in behalf of the plaintiff which tended to show that he had refused to release the defendant from the rental contract, and that in renting the land and cultivating the portion not rented, he did so under the express direction and authority of the defendant, who promised him that he would be responsible for any balance that might be due on the rent notes, over and above what the plaintiff had realized from the rerental of the land. The plaintiff further contended that even without this direction and promise, it was his

duty, under the law, to lessen the damages, and that in pursuance of this obligation he had lessened the damages to the defendant, to the extent of half of the amount of the rent notes, by renting some of the land, and now claimed only the other half due on the notes. On the issue thus presented, the evidence was in sharp conflict, and a verdict for either party would have been authorized. The law applicable to this issue was correctly charged.

Unquestionably, the plaintiff, after the defendant's renunciation of the rental contract, was at liberty to treat the renunciation as a breach of the contract and to sue for any damages he might have sustained by reason of the breach, treating the contract as still binding. *Smith* v. *Georgia Loan Co.*, 113 *Ga.* 975 (39 S. E. 410). If, without authority or direction of the defendant, upon the renunciation of the contract by the defendant, the plaintiff had consented either expressly or constructively to the renunciation, it would have amounted in law to a rescission; but, if, on the contrary, he did not by his conduct rescind the contract, but simply endeavored to lessen the damages, under the consent and direction of the defendant himself, he would have been, in law and equity, entitled to recover any balance due on the rental notes. But, as before stated, the law applicable to this issue made by the evidence was fairly and correctly presented to the jury, and the verdict on this issue would have settled the conflict, and, in the absence of any material error leading the jury to find for one party rather than for the other, would not be disturbed by this court. We think, however, that the court in the trial of the case committed two errors, which, in view of the close character of the case on the evidence, entitle the plaintiff in error to another trial.

1. On the trial the defendant admitted the execution of the rent notes, and that the plaintiff was the lawful holder thereof, and he assumed the burden of proving his affirmative defense. Nevertheless, the court charged the jury to the effect that the burden of proof was on the plaintiff to make out his case by a preponderance of the evidence. A prima facie case had been admitted by the defendant; and, therefore, it was misleading and confusing to the jury to instruct them that the burden still remained upon the plaintiff to prove his case to their satisfaction by a preponderance of the evidence. The court should have instructed the jury that in view of the admission of the defendant as to the prima facie right

of the plaintiff to recover, the burden was upon the defendant to meet this prima facie right by establishing his affirmative defense by a preponderance of the evidence. The evidence on the controlling issue in the case, presented by the defendant's affirmative plea, was close, and presumptively it was prejudicial to the plaintiff, under this state of the evidence, to place upon him a burden from which he had been relieved by the admission of the defendant; and the charge placing this burden upon him may have led the jury to decide the wavering balance in favor of the defendant.

2. The controlling question in the case was whether, upon the renunciation of the contract by the defendant, he had been released from further performance by the conduct of the plaintiff, or whether he had, upon renouncing the contract, authorized the plaintiff to rerent the land, agreeing to pay any balance that the plaintiff might not receive from the rerenting. The plaintiff offered to prove, in support of his contention that he was simply acting under the authority of the defendant in rerenting a portion of the land, an admission which the defendant made on the former trial of the case, contained in the brief of the evidence which had been agreed to by his counsel and approved by the court. This admission is as follows: "I could not move on the land, and he would not release me. In January Mr. Lynch came to me and said there was a man down there who wanted to rent part of this land. I told him to go back and tell Mr. Cox to rent the land out to the very best advantage, to let Will Williams have what land he wanted, and do the best he could with the rest. I had repeatedly told him that he should not lose anything, and I told Mr. Lynch so." The defendant, as a witness, denied that he had made this statement on a former trial, and the record was offered to impeach him by the contradictory statement; the judge excluded it, and the plaintiff excepted. We think this was error (*Cox* v. *Prater*, 67 *Ga.* 588); and more especially error in view of the evidence that the Will Williams mentioned in this record had in fact rerented from the plaintiff a portion of the land after the defendant's renunciation of his contract, and the Mr. Lynch referred to was apparently authorized by the defendant to make this statement for him to the plaintiff. Other than as above discussed, we find no material error of law; but, because of these two errors, a new trial is granted.

*Judgment reversed.*