## 64651. CITIZENS BANK OF AMERICUS v. ANSLEY.

BANKE, Judge.

The plaintiff bank sued to collect a promissory note, and the defendant pled the defense of partial accord and satisfaction. The defendant admitted in her testimony that she had obtained the funds evidenced by the note and that she had made no repayments. A certificate of deposit in her name had been applied by the bank, pursuant to an hypothecation agreement signed by her, to a much larger debt owed to the bank by her husband. She presented evidence to the effect that the bank had agreed orally to forgo its right to apply her certificate to her husband's debt in exchange for his efforts in liquidating the assets of his company. This evidence was in conflict with evidence presented by the bank. The jury returned a verdict for the bank in the amount of $3,410.21 rather than the $23,644.90 sought. The sole issue raised on appeal concerns the trial court's charge on the burden of proof.

The general pre-trial order recites that "[t]he burden of proof is on the plaintiff to prove the existence and execution of the note sued upon and that such note is in default. The burden of proof is on defendant to prove a subsequent oral agreement modifying the pledge of her certificate of deposit as collateral on the note of Emory Ansley." The court charged the jury that the plaintiff had the burden of proving its case by a preponderance of the evidence but placed no such burden upon the defendant with regard to its defense. *Held:*

Accord and satisfaction is an affirmative defense. Code Ann. § 81A-108 (c). The burden of proving the defense in this case was properly upon the defendant (see generally Code Ann. § 38-103), who admitted all the essential elements of the case against her. "Nevertheless, the court charged the jury to the effect that the burden of proof was on the plaintiff to make out his case by a preponderance of the evidence. A prima facie case had been admitted by the defendant; and, therefore, it was misleading and confusing to the jury to instruct them that the burden still remained upon the plaintiff to prove . . . [its] . . . case to their satisfaction by a preponderance of the evidence. The court should have instructed the jury that in view of the admission of the defendant as to the prima facie right of the plaintiff to recover, the burden was upon the defendant to meet this prima facie right by establishing [her] affirmative defense by a preponderance of the evidence. The evidence on the controlling issue in the case, presented by the defendant's affirmative plea, was close, and presumptively it was prejudicial to the plaintiff under this state of the evidence, to place upon [it] a burden from which . . . [it] . . . had been relieved by the admission of the defendant; and the charge placing this burden upon [it] may have led the jury to decide the wavering balance in favor of the defendant." *Cox v. McKinley,* 10 Ga. App. 492, 493 (73 SE 751) (1911).

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 20, 1982 —
REHEARING DENIED NOVEMBER 18, 1982.

*Ben F. Easterlin IV,* for appellant.
*Michael A. Fennessy, Richard E. Nettum,* for appellee.