THE CENTRAL RAILROAD & BANKING CO. v. BRYANT.

1. Where the suit is for damages for the killing of two mules, and a *prima facie* cause of action is established by the plaintiff's evidence as to one of them, the court is not obliged to grant a nonsuit as to the other, though the evidence as to it be insufficient.
2. Though the plaintiff's evidence was not direct, but only circumstantial, as to the fact that the mules were killed by the engine or cars of the company, yet the jury could have inferred that such was the fact; and there was no error in denying a nonsuit.
3. This case is controlled in the element of negligence by *Ga. R. R. v. Wall*, 80 *Ga.* 202.
4. A husband cannot recover anything for the killing of an animal belonging to his wife worth $150, although it may have been procured by an exchange of a similar animal belonging to her, with the addition of $25 paid by him in cash out of his own means.
5. The court erred in not granting a new trial. *Judgment reversed.*
　June 17, 1892.

Railroads. Damages. Negligence. Nonsuit. Husband and wife. Evidence. Before Judge JENKINS. Jones superior court. October term, 1891.

The plaintiff sued the railroad company for damages from the killing of two mules, and recovered a verdict for $50. The defendant excepted to the overruling of

its motion for a nonsuit, and of its motion for a new trial. The testimony of the plaintiff was as follows: Lost two mules 28th January, 1891; found them on the morning of January 29th, lying dead by the railroad about eight or ten feet from the track, one on either side; saw them the night before; missed them the next morning, and went up the railroad and found them as stated; do not know what killed them; did not see any sign of violence on them, or marks; did not examine them; they were my mules and worth to me $200, the bay mule $150, the black $50. The place where I found them was not on my land; the railroad does not run through my land; it was one and one half miles from my land. The black mule I purchased about a week before that, and gave $25 for it; it was twelve or thirteen years old. I had had the bay mule about a year; it was ten or eleven years old; got it at Bond's wagon yard in Macon; traded for it a colt that belonged to my wife, and paid $25 difference; it was her mule. Saw them the evening before at meal time; fed them in my pasture, which was a hundred acre field enclosed with good ordinary fence. It was cold rainy weather. Had six mules and no sufficient stables for all my stock, and turned these out in pasture. The black mule was not worth any more when killed than when I bought it. They were lying four or five feet from the ends of the ties; it was on an embankment three or four feet high, where road comes out of a cut on a curve. The mules had pushed down the fence and got out of the pasture; they had got out before; one of them was bad about jumping fences and getting out. Made no written demand before suing.

The testimony for the defendant tended to show that the killing of the mules was an unavoidable accident.

The grounds for nonsuit were, that as to the bay mule the case should be dismissed because it appeared not to

be the plaintiff's property; and that the testimony failed to show that the mules had been killed by the defendant's cars.

The grounds for new trial, in addition to those alleging that the verdict is contrary to law and evidence, are: The court refused to permit the engineer to answer the question, "What could you have done with the appliances at hand on the engine, after discovering the mules, that would have prevented the striking of them?" The court charged the jury, that if the plaintiff swapped a colt belonging to his wife for one of the mules alleged to have been killed by the defendant's train, and paid $25 in addition, he would be entitled in this suit to recover his interest in the mule, if under the evidence and law he is entitled to recover at all.

DESSAU & BARTLETT and R. V. HARDEMAN, for plaintiff in error.

No appearance *contra*.