## HUNTER *v.* SANDERS, SWANN & COMPANY.

1. When a defendant admits enough in his answer to make out a prima facie case for the plaintiff, the burden of making out his defense rests upon the former.

2. An agreement by a purchasing agent to abide by his principal's weights and classification of the goods purchased, if correctly made, binds the agent to accept as correct statements of weight and classification arrived at by the principal in the due prosecution of his business, according to the established system by which it is conducted ; and in such a case the burden is on the agent to show that the statements were in fact incorrect.

3. As the verdict complained of was the only outcome of the pleadings and evidence which was legally possible, it must stand, irrespectively of the assignments of error embraced in the motion for a new trial.

Submitted March 2, — Decided March 28, 1901.

Complaint on account.    Before Judge Butt.    Taylor superior court.    July 28, 1900.

*J. H. Martin,* for plaintiff in error.    *M. G. Ogden,* contra.

LEWIS, J.    Sanders, Swann & Co. brought suit in Taylor superior court against J. R. Hunter, on an open account for $359.18. The defendant answered, denying any indebtedness to the plaintiffs, and setting up a counter-claim of $915.95, for which he prayed judgment. It appears that the defendant was employed by the plaintiffs as their agent to purchase cotton for them. The plaintiff agreed to furnish the defendant with money necessary to buy the cotton, and to notify him daily of the market price. The defendant was to receive as compensation for his services the difference between the price he should pay for the cotton and the highest limit allowed therefor by the plaintiffs. The defendant in his answer admitted having received from the plaintiffs under the contract of employment $16,444.39, as alleged in the petition. It was admitted by the plaintiffs that the defendant shipped them 763 bales of cotton. The contention as to the balance due grew out of the difference between the parties as to the correct weights and classification of the cotton shipped by the defendant to the plaintiffs. As to this the defendant testified: "I agreed to abide by their grading and weights, provided these were done correctly. . . The plaintiffs did not give correct grades, but cut down below." On the other hand, the plaintiffs introduced testimony to show that the cotton received by them from the defendant was correctly weighed and graded according to their established system, and that the result left a balance due by the defendant as set out in the petition. No attempt was made by the defendant to prove that the plaintiffs' system of weighing and grading cotton was at fault, nor, other than as already set forth, that the grading of this particular cotton was at fault. The jury found for the plaintiffs the full amount sued for. The defendant moved for a new trial, which was refused, and he excepted.

1, 2. The defendant, presumably to obtain the privilege of opening and concluding the argument, made admissions in his answer sufficient to make out a prima facie case in favor of the plaintiffs. It then became incumbent upon him to sustain the burden of overcoming that case, and of proving the truth of his own allegations.

Civil Code, § 5160.   This he signally failed to do.   The evidence shows very little if any conflict between the parties as to the contract existing between them.   Hunter admitted that he had agreed to accept the plaintiffs' grading and weights, "provided these were done correctly."   Beyond his assertion that "the plaintiffs did not give correct grades, but cut down below," there was a complete failure to show any conduct on the part of the plaintiffs that would defeat a recovery by them.   It does not appear from the evidence in what manner or to what extent the grading of the plaintiffs was at fault, or wherein they "cut down below."   The defendant's case rested entirely upon his ability to establish the truth of his contentions in this respect; and as he failed to do this, the verdict returned by the jury was demanded by the evidence.

3.  The amendment to the motion for a new trial contained three grounds, two of which complained of the admission by the court of evidence relating to a proposition for a compromise between the parties, and the third excepted to a portion of the charge of the court.   The evidence to which objection was made was extremely vague and of doubtful injury to the defendant.   It does not appear what it was proposed to compromise, whether the plaintiffs' claim against the defendant, or the defendant's claim against the plaintiffs.   At all events, the error, if any was made in admitting this testimony, was not of sufficient importance to require the reversal of the judgment of the court below.

The charge complained of was as follows: "The defendant contends that he has overpaid the plaintiffs in value of the cotton bought for and shipped to them; that he bought it for less than the limits allowed him by the plaintiffs, and that on account of this difference he has more than paid the plaintiffs for all the money advanced to him, leaving an amount due to him by the plaintiffs of $915.00.   Now I charge you, if that is true and you believe it to be true from the evidence, then you would be authorized to find a verdict for the defendant against the plaintiffs for such amount as you believe he has shown that he is entitled to recover.   On the other hand, if you do not believe that the defendant is entitled to recover against the plaintiffs, then you should find for the plaintiffs the amount sued for, to wit, the sum of three hundred and fifty nine dollars and eighteen cents."   In a close case this charge would have worked a reversal, for it would have been clearly erroneous

to charge that unless the jury should find for the defendant they must find for the plaintiffs the full amount sued for. But, as we have already shown, under the defendant's own evidence there could have been no other legal finding by the jury than that which was rendered. The verdict was demanded by the evidence; and we will not, therefore, disturb the judgment of the court refusing a new trial. *Judgment affirmed. All the Justices concurring.*