### 3465. · HICKMAN v. BELL.

POWELL, J. 1. The defendant, being sued on a note, filed two pleas: (1) non est factum; (2) what was called a plea of estoppel by conduct misleading the defendant into a belief that the debt had been paid. The evidence established no legal defense under the second plea. *Held,* that the court did not err in restricting the jury to a consideration of the de-

fense made by the other plea, as to which there was a conflict in the evidence. *Kelly* v. *Strouse*, 116 *Ga.* 872 (2*a*), (43 S. E. 280); *Crew* v. *Hutcheson*, 115 *Ga.* 511 (2), (42 S. E. 16).

2. In the absence of written request, it is not reversible error for the court to omit to instruct the jury as to the burden of proof in a civil case. *Central Ry. Co.* v. *Manchester Mfg. Co.*, 6 *Ga. App.* 254 (2), 257 (64 S. E. 1128).

3. Where an issue of forgery is before the jury for trial, and papers containing the signature of the alleged signer of the instrument in question are offered in evidence, a general objection of irrelevancy does not present the specific point that the genuineness of the signatures on the papers offered for comparison has not been shown. *Judgment affirmed.*

                     DECIDED JANUARY 15, 1912.

Complaint; from city court of Waynesboro—Judge Davis. April 24, 1911.

*H. J. Fullbright,* for plaintiff in error.

*E. L. Brinson, A. P. Bell,* contra.