### 3658.   BROOKS v. GRIFFIN.

RUSSELL, J.   1. The evidence was sufficient to authorize the conclusion that the claimant, though she was the wife of the defendant in fi. fa., was the true owner of the horse levied upon. In considering transactions between husband and wife, slight circumstances, under certain conditions, may be sufficient to satisfy a jury of the existence of fraud, but in all such cases the bona fides of the transaction is to be determined by the jury. In the present case it can not be said that the evidence demanded a finding other than that returned by the jury.

2. It is not error for a trial judge, in ruling upon the validity of objections to testimony, to repeat, as he remembers it, the substance of a material portion of the testimony of the witness then upon the stand, and to inquire of the witness whether the court's recollection of the testimony is correct; and the fact that the judge, in ruling upon the admissibility of testimony, states its substance, as being what has been testified (without, however, intimating in any way the weight or credit to be attached to it), does not sustain an assignment of error complaining that the court "intimated and expressed an opinion as to the facts of the case."

3. Evidence on the part of a purchaser of a horse that a designated person had never owned it is not objectionable as being the conclusion of the witness, but is to be treated as the statement of a substantive fact which would naturally rest in the knowledge of the witness as the owner of the horse. As title to personal property may pass by mere delivery, the nature of the title of one in possession of personal property, under such circumstances, is not an opinion, but a matter of fact, resting peculiarly within the knowledge of the party in possession.

4. The excerpts from the charge of the court to which exceptions are taken are adjusted to the evidence, and, though one of these excerpts is erro-

32

neous, the exception is not addressed to the error, which is apparent, but not necessarily harmful. The requests to charge, so far as they were pertinent and appropriate, were covered by the general charge.

5. It will not be held reversible error, in the absence of a timely and appropriate request, to omit to instruct the jury upon the burden of proof. *Central Railway Co.* v. *Manchester Mfg. Co.*, 6 *Ga. App.* 254 (64 S. E. 1128). Aliter, if the court charges the jury upon the subject of the burden of proof, and errs in placing the burden upon the wrong party. *Cox* v. *McKinley*, ante, 492 (73 S. E. 751). The court is not required to charge the jury upon the preponderance of testimony unless requested so to do.

6. The court was not required to charge that if it was shown that the title to the property levied upon was vested in the defendant in fi. fa. at a time prior to the judgment, it was presumed to remain in him until the contrary was shown by the evidence, even though it was undisputed that the defendant in fi. fa. originally bought the horse claimed by his wife. If it was desired that the attention of the jury be directed to this specific point, an appropriate instruction upon the subject should have been requested.                                    *Judgment affirmed.*

DECIDED FEBRUARY 12, 1912.

Levy and claim; from city court of Miller county—Judge Bush. June 14, 1911.

*W. I. Geer,* for plaintiff.