*Titus, Dekle & Hopkins,* for plaintiff.

*C. E. Hay,* for defendant.

---

## 8063.  LAZENBY v. CITIZENS BANK.

The charge of the court having, as a whole, properly submitted to the jury the controlling issues involved, under correct principles of law, the inaccuracy and immateriality which might exist in the portions excepted to can not work a reversal, where it appears that the jury could not reasonably have been misled thereby.

DECIDED MAY 3, 1917.

Complaint; from Warren superior court—E. T. Shurley, judge pro hac vice.   November 29, 1916.

*L. D. McGregor,* for plaintiff.  *E. P. Davis,* for defendant.

JENKINS, J.  R. A. Lazenby brought suit against the Citizens Bank, alleging, in substance, that by the terms of his purchase from the defendant of a certain parcel of land, it was agreed between the parties to the sale that if the tenant of the land so purchased should

make as many as ten bales of cotton during the year 1915, the purchaser should receive five bales thereof, as representing the rent for that year. He alleged that the tenant, Alfred Evans, did make and deliver to the defendant, during the year, thirteen bales of cotton, and by reason of that fact he became entitled to the value of the five bales of cotton, to wit, $300, less a credit thereon of $44.88, which it was admitted had been paid. The defendant admitted the contract of purchase and sale of the land at the price alleged, to wit, $3,500, and admitted further that under certain conditions of the agreement, the plaintiff was to have received the rent from said land for the year 1915, but in its answer it denied that the conditions of the contract were those alleged by the plaintiff in his petition, and set up that the conditions under which he was to receive the five rent bales were: that the said tenant, Alfred Evans, should during the said year not only make a sufficient amount to pay the indebtedness owing the plaintiff, amounting to $250, furnished him for the operation of the said bargained land, but that the said tenant should also first pay the defendant the further sum of $250, advanced by it to him, for the operation of another and different tract of land, not owned by the defendant and not involved in the said sale, and also that said tenant was to pay the defendant the additional sum of $142, furnished him by it for guano; that all of the said sums were to be paid to the defendant before the said five bales of rent were to go to and belong to the plaintiff; and that in that event only was the plaintiff to receive the five bales of rent for the year 1915. On the trial of the case there was positive testimony by the plaintiff, sustaining his contentions as to the terms of the contract; and testimony equally emphatic was given for the defendant, sustaining its contentions as what the terms of the agreement were. The jury found a verdict in favor of the defendant, and the plaintiff excepts, assigning error upon the refusal of the judge to grant his motion for a new trial, based upon general grounds and upon certain grounds assigning error in the charge of the court.

1. There being evidence to authorize the verdict, this court has no jurisdiction to interfere therewith upon any of the grounds taken in the original motion for a new trial. *Edge* v. *Thomas*, 9 *Ga. App.* 559 (71 S. E. 875).

2. The first ground of the amendment to the motion for a new trial assigns error on the failure of the judge to charge the jury that the burden of proof would shift from the plaintiff to the defendant because the defendant had pleaded in its answer an affirmative defense, the burden of proving which was by law placed upon it. We think the charge of the trial judge upon the burden of proof was correct and adequate. The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. Civil Code (1910), § 5746. "What amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the court." Civil Code (1910), § 5747. In the case of *Clark* v. *Cassidy,* 64 *Ga.* 662, it was held that a charge of the court should state what testimony would shift the onus, rather than when it would be changed; for the reason that the latter expression would intimate an opinion as to the sufficiency of the proof. It has been held many times by our courts that in the absence of a timely and appropriate request to charge, it will not be held reversible error for the judge to omit to instruct the jury upon the burden of proof. *Small* v. *Williams,* 87 *Ga.* 681 (6), 686 (13 S. E. 589) ; *Southern Ry. Co.* v. *Wright,* 6 *Ga. App.* 172 (7), 184 (64 S. E. 703) ; *Central of Ga. Ry. Co.* v. *Manchester Mfg. Co.,* 6 *Ga. App.* 254 (2), 257 (64 S. E. 1128) ; *Hickman* v. *Bell,* 10 *Ga. App.* 319 (2), 320 (73 S. E. 596) ; *Whittle* v. *Central Ry. Co.,* 11 *Ga. App.* 257 (74 S. E. 1100). But it has also been held that if the judge does charge the jury upon this subject, he must do so correctly. *Cox* v. *McKinley,* 10 *Ga. App.* 492 (73 S. E. 751) ; *Brooks* v. *Griffin,* 10 *Ga. App.* 497 (73 S. E. 752). Ordinarily the burden of proof lies upon the plaintiff, who, alleging certain facts to exist, claims a right to recover against the defendant; but when, in such a case, the defendant comes in and admits the prima facie case as stated by the petition, and sets up matters in avoidance, then the defendant is the party who asserts the truth of the facts so set up, and the burden in such a case is shifted on him to establish the facts so pleaded; failing to do which the plaintiff is, without more, entitled to a verdict. *Western & Atlantic R. Co.* v. *Brown,* 102 *Ga.* 13 (29 S. E. 130) ; *Hunter* v. *Sanders,* 113 *Ga.* 140 (38 S. E. 406) ; *Brunswick R. Co.* v. *Wiggins,* 113 *Ga.* 842, 845 (39 S. E. 551, 61 L. R. A. 13) ; *Atlanta Suburban Land*

*Corp.* v. *Austin,* 122 *Ga.* 374 (50 S. E. 124) ; *Hawkins* v. *Davie,* 136 *Ga.* 550 (71 S. E. 873) ; *Martin* v. *Thrower,* 3 *Ga. App.* 784 (7), 791 (60 S. E. 825). It will be observed that in the rule we have just stated, in order for the burden of proof to be shifted, the admission of the defendant must show a prima facie case in favor of the plaintiff. In this case the answer does not admit the allegations of the plaintiff relating to the conditions of the contract by which the defendant would be rendered prima facie liable, and it therefore leaves the burden of proof to establish the case as a whole upon the plaintiff. Generally the burden of proof rests where the pleadings originally placed it. *Hawkins* v. *Davie,* supra. And where the presiding judge correctly charges the jury in regard to the general burden of proof, he is not required, as an essential part of his charge, to discuss the shifting of the burden as to particular points of contest made by the evidence during the progress of the case, and it will not be held error that he neglects to do so. And even in a case where a charge on such a subject would be appropriate, it should be duly requested. *Hawkins* v. *Davie,* supra.

3. The second ground in the amendment to the motion for a new trial assigns error upon the ground that one of the contentions of plaintiff was that by a waiver of the landlord's lien for the rent the defendant had been secured for the $250 furnished by it to the tenant to make the crop on the other tract of land, of which it was not the owner, and also that the item for guano furnished by the defendant to the tenant was to be paid by the tenant from the proceeds of the cottonseed ; and the plaintiff in error says that the judge, in stating the contentions of the parties, failed to state these as made by the plaintiff, and assigns such omission as error, prejudicial to his case before the jury. The contentions referred to in this assignment of error were not made in the petition, and were not made as a ground of substantive right of recovery, but testimony from both parties that such statements were made by the defendant at the time of the agreement appears in the brief of evidence, which, as we understand, was submitted for the purpose of strengthening and corroborating the plaintiff's contentions as to what constituted the terms and conditions of the agreement. It does not appear from the charge of the court that the trial judge in any wise undertook to sum up the evidence submitted

by the parties. This, under the law, it was his privilege, but not necessarily his duty, to do. *Shiels* v. *Stark,* 14 *Ga.* 429; *Wright* v. *Central Railroad & Banking Co.,* 16 *Ga.* 38; *Cox* v. *State,* 32 *Ga.* 515; *Bray* v. *State,* 69 *Ga.* 765; *City & Suburban Ry. Co.* v. *Findley,* 76 *Ga.* 311. When the trial judge sees proper to sum up in the charge the testimony submitted, while it is not necessarily incumbent on him to refer to every material part of the evidence, yet in so doing he should include all that might be important, so far as is necessary to a fair and impartial statement of the evidence adduced by each of the parties. *Wright* v. *Central Railroad & Banking Co.,* supra. But where, as in this case, no such attempt was made, the rule we have just indicated can not have application.

4. The third ground assigns error upon the following charge of the court: "I charge you if you should believe the contention of the defendant in this case, and that it was not the agreement to deliver to Mr. Lazenby five bales of cotton, and you should believe that the tenant, Alfred Evans, owed the Citizens Bank $500 on a note, together with $140 as a guano note, and that Mr. Lazenby took this land and was to receive five bales of cotton after the indebtedness of the bank was paid by Alfred Evans, then I charge you Mr. Lazenby would not be entitled to recover." (*a*) It is urged for the plaintiff in error that under this portion of the charge the defendant was not compelled or required to prove by evidence the contentions on which it relied, but the jury would have a legal right to find for the defendant if they should merely believe the contentions of the defendant, regardless of the question of proof. Counsel for the plaintiff in error correctly states the principle of law which requires the jury to be governed by the evidence in the case, and which forbids a finding based upon mere belief in the contentions of parties without evidence in support thereof. But construing the charge as a whole, as it is our duty to do, our opinion is that the necessary and only reasonable import of this portion of the charge relates to the contentions of the defendant as made by the evidence in the case, especially as the portion of the charge here excepted to was given by the judge as being the contention of the defendant, in contradistinction to the contention of plaintiff, which he had just stated, and in which preceding portion of the charge it was in terms stated that the finding of the jury on those contentions was to be based upon the evidence in the

case. Construing, as we must, these two portions of the charge together, we think the interpretation we have given is the only meaning which could have reasonably been intended, and that the jury could not have been misled thereby. And then, too, there are other portions of the charge in which proper instructions were given relating to the province of the jury in regard to the evidence, the rules governing them in regard to the credibility of witnesses, and the law as to the preponderance of evidence, in all of which it is clearly indicated that the jury, in their finding were to be governed by the evidence under the rules of law given by the court. It has been settled by numerous decisions in this State that mere verbal inaccuracies in a charge which are not calculated to mislead the jury or obscure the meaning of the court will not cause a new trial. *Savannah, Augusta & Northern Ry. Co.* v. *Williams,* 133 *Ga.* 679 (66 S. E. 942) ; *Atlantic Coast Line R. Co.* v. *Jones,* 132 *Ga.* 189 (7), 198 (63 S. E. 834).

(*b*)   The plaintiff in error further excepts to this portion of the charge as follows: "Said charge was misleading, contradictory, and incomprehensible, because the judge says therein, 'if the jury should believe that there was no agreement to deliver five bales of cotton to Lazenby, then he (Lazenby) would not be entitled to recover,' and further on in said charge as above quoted, the judge says in substance, that 'If the jury should believe that Lazenby took this land and was to receive five bales of cotton after the indebtedness was paid by Alfred Evans, that Lazenby would not then be entitled to recover.' The jury under this charge was prohibited from finding in behalf of the plaintiff." While we think that the trial judge had previously in his charge well and fairly stated the contentions of each of the parties as shown by the pleadings, it is true that in the exception now quoted the issue is not fully and clearly stated. But we differ with counsel in his interpretation that the jury were there told that if they "should believe that there was no agreement to deliver five bales of cotton to Lazenby, then he (Lazenby) would not be entitled to recover;" although such a statement would have been true, and the only impropriety in so stating would lie in the fact that the only issue involved was as to the condition on which such promise was made. But we think the intervening portion of this extract from the quoted charge must be taken to qualify the interpretation given by counsel, so as to

mean that if the $500 and the $141 were due the bank, and that when Lazenby took the land he was to receive the five bales of cotton after that indebtedness was paid, he could not recover. Under the undisputed evidence as to the amount of cotton received and the price obtained therefor, this would be true. The court having previously clearly and fairly stated the different contentions of parties, we do not think a lack of clarity which might exist in the excerpt here complained of should void the verdict, as we do not see that any false impression, harmful to defendant, could have been obtained therefrom.

5. The fourth and last objection made to the charge relates to the following language: "But if you should believe that Mr. Fitzpatrick, the agent of the bank, did not make the trade with Mr. Lazenby that he would deliver him five bales of cotton in the event this tenant made ten bales of cotton, then I charge you Mr. Lazenby would not be entitled to recover the five bales of cotton, or the value thereof, unless you should further believe that Mr. Fitzpatrick was to let him have the land for $3,500 plus an amount sufficient to cover the five bales of cotton as rent, and an amount sufficient to cover the $250 which Mr. Lazenby contends was due the bank." The error complained of consists in the latter portion of this excerpt, which it is argued was unauthorized either by the pleading or the evidence. We agree with counsel that the plaintiff made no such additional contention as the latter portion of the charge sets forth, but as the contention he did make had been fully, clearly, and fairly presented, and as the excerpt complained of in no way altered the same or detracted therefrom, or gave to the defendant any right or benefit, we could not say that the inapplicability of this portion of his instructions should render the verdict invalid. It sought to give to the party now complaining a right not held or claimed by him, but in no wise affected the right which he did claim, and which was fairly and fully submitted to the jury under the correct rules of law. It has very often been held by the Supreme Court and by this court that an irrelevant charge will not cause a new trial, where it does not appear to have been prejudicial to any rights of the parties, and was not likely to mislead the jury as to the true issues of the case. *Long* v. *Gilbert*, 133 *Ga.* 691 (66 S. E. 894).

Able counsel for plaintiff in error has presented with much force

his contentions in this case, and we have dealt with the propositions submitted with fullness and at considerable length, in the endeavor to disclose the reasons which have governed us in our search for the the the proper determination of the questions involved.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*