### 8642. POPE *v.* SEABOARD AIR-LINE RAILWAY.

1. (*a*) Ordinarily the only duty which a railway company owes to a trespasser upon or about its property is not to injure him wantonly or wilfully after his presence has been discovered. *Ashworth* v. *Southern Ry. Co.,* 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592). But failure to exercise ordinary care to prevent the injury to a trespasser after his presence has become known is usually so much akin to wilfulness or

wantonness as to create liability on the part of the company, where the failure to exercise that degree of care would render it liable. *Charleston Railway Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064); *L. & N. Railroad Co.* v. *Plunkett,* 6 *Ga. App.* 684 (65 S. E. 695).

(*b*) Generally the servants of a railway company are not bound to anticipate the presence of a trespasser upon or about its tracks, and the duty of exercising such care and diligence does not in such case arise until the presence of the trespasser becomes known. *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675); *Nashville &c. Ry. Co.* v. *Priest,* 117 *Ga.* 767 (45 S. E. 35).

(*c*) The mere fact that the public may have been accustomed to travel. on foot along a' certain portion of the right of way belonging to a railway company, and that no measures have been taken to prevent it, does not of itself operate to constitute the persons so using the track licensees of the company; and, in the absence of the company's permission for such use, such unauthorized custom does not change the relation of one so using the property of the railway company from that of a trespasser. *Southern Ry. Co.* v. *Barfield,* 112 *Ga.* 181, 184 (37 S. E. 386).

(*d*) Where, however, from the locality, circumstances, and known habits of the public generally, there is reason to apprehend that the track in front of the locomotive may not be clear of human beings, then the duty of anticipating the presence of and danger to such trespassers devolves upon the employees of the company operating the train; and upon the discovery of a person in such peril, ordinary and reasonable care and diligence must be exercised by the company not to injure him. *Southern Ry. Co.* v. *Chatman,* supra.

(*c*) Whether or not the locality, the time, and the circumstances of an injury to one using the right of way, and the known habits and frequency of the public in using it, create such a condition as will charge the servants of the company operating the locomotive and cars with the special duty of looking out for the presence of a trespasser at the time and place of the injury is generally a question for the jury to determine, in the light of all the evidence introduced. . *Crawford* v. *Southern. Ry. Co.,* 106 *Ga.* 870 (33 S. E. 826); *Wright* v. *Southern Ry. Co.,* 139 *Ga.* 448 (77 S. E. 384). See also *Gulf Line Railway Co.* v. *Way,* 137 *Ga.* 109, 110 (72 S. E. 917).

(*f*) Where an action is brought for the homicide of a trespasser, shown to have been occasioned by the operation of defendant's cars, the presumption of negligence does not arise against the defendant, unless it appears that at the time of the injury there was due from the company to the person injured a degree of diligence to prevent such injury. *Holland* v. *Sparks,* 92 *Ga.* 753 (18 S. E. 990). But where it appears from the circumstances of the case that such diligence did devolve upon the company, and that it did owe a duty to anticipate the presence of the trespasser at·the time and place of the injury, then, upon proof of the homicide by the company, such presumption of negligence against it does arise. *Crawford* v. *Southern Ry. Co.,* supra.

2. The verdict was warranted by the evidence; and the charge to the jury is not subject to the criticisms made in the exceptions taken.

DECIDED NOVEMBER 13, 1917.

Action for damages; from Dodge superior court—Judge Graham.　October 14, 1916.

This was a suit by the widow of one who was found dead in a mangled condition near the railway track of the defendant.　The petition alleged, that Pope (the deceased), about eleven o'clock on the night of the injury, was walking in an easterly direction on the railway track, between the stations of Rhine and Horton in Dodge county; that the public had long been accustomed so to use this portion of the track with the knowledge and consent of defendant; that Pope suddenly became unconscious, and, falling upon the track, was run over and killed while lying thereon; that for a distance of 1100 yards before reaching the place of the accident the track was perfectly straight, and for that distance the man upon it was plainly visible to the engineer of the train; and that although the engineer discovered the deceased upon the track in a helpless condition, he failed to ring the bell or blow the locomotive whistle, nor did he check or stop the train, but negligently and wantonly ran over and killed the decedent.　The defendant in its answer denied each of these allegations.　There was no eyewitness to the homicide.　Evidence for the plaintiff went to show that pedestrians frequently used the railway track in going to and from the stations named, of which fact, it could be inferred from the evidence, the operatives of the company had knowledge.　There was no evidence of any permission from the company authorizing such use of its right of way, and no evidence that employees of the company had knowledge of the presence of the deceased on the track prior to the homicide.　Evidence on behalf of the defendant, by the engineer and the fireman of the train which it was alleged killed the deceased, showed that although they were on the lookout at the time and place of the homicide, with opportunity to see the deceased had he been upon the track as alleged, they did not discover him and did not know of the homicide until the following day.

*J. A. Neese, W. M. Morrison, Eschol Graham,* for plaintiff.
*Thomas Eason,* for defendant.

JENKINS, J.　(After stating the foregoing facts.)

It is insisted by the plaintiff that the judge, without any request,

should have explained to the jury that when a dead body is found near to a railroad track in a mangled condition, indicating that death was caused by violence, and no other cause of death is made to appear, and the evidence fails to show that any other person had an opportunity to do the killing, the presumption thereupon arises that the killing was done by a railroad engine or car. While it is true that the issue of fact as to whether or not the homicide was occasioned by the defendant corporation may be proved by circumstantial evidence as well as direct testimony (*Atlantic & Birmingham Railway Co.* v. *Clute,* 3 *Ga. App.* 508, 60 S. E. 277; *Central Railroad Co.* v. *Bryant,* 89 *Ga.* 457 (2), 15 S. E. 537; *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751 (3), 12 S. E. 18), we think that on the issue thus made the burden was upon the plaintiff to show, by either direct or circumstantial evidence, the truth of her contention, and that no presumption arises or can be invoked in her favor, notwithstanding the evidence may have been amply sufficient to authorize the jury to believe the truth of her contention. That they were authorized so to believe in the present case we think is true; and that they could have so found under the charge of the court as given is also true, notwithstanding the fact that the court did not, in his charge, give to the jury the definition of circumstantial evidence and explain its weight and purpose. It is insisted by counsel for plaintiff that the court, without any request, should have given in charge the definition of indirect or circumstantial evidence as embodied in section 5729 of the Civil Code of 1910. It has in fact been repeatedly held by the Supreme Court that on the trial of a criminal case where a conviction depends entirely upon circumstantial evidence, it is the duty of the judge, whether so requested or not, to give in charge to the jury the principles of law by which the weight of the circumstances is to be determined, and under what circumstances a conviction on circumstantial evidence is warranted. *Weaver* v. *State,* 135 *Ga.* 317, 320 (69 S. E. 488). This is a duty which the court owes to the defendant, since section 1010 of Penal Code of 1910 provides that, in order to warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis than that of the guilt of the accused. But in the present civil action the charge of the court authorized the

jury to find that the homicide was occasioned by the running of defendant's cars, and stated that in determining this and other issues a preponderance of evidence would be considered sufficient to produce mental conviction. We do not, therefore, think that the plaintiff was injured by the failure of the court to elaborate upon the definition, weight, and purpose of circumstantial evidence, since the doctrine recognized by the Supreme Court in the criminal cases referred to by counsel is intended to protect the defendant, and to restrict rather than to enlarge the probative value of such testimony in criminal cases.

As a general rule, it will not be held to be reversible error, in the absence of a timely and appropriate request, to omit to instruct the jury upon the burden of proof (*Small* v. *Williams,* 87 *Ga.* 682, 13 S. E. 589; *Brooks* v. *Griffin,* 10 *Ga. App.* 497 (5), 73 S. E. 752; *Central Railway Co.* v. *Manchester Mfg. Co.,* 6 *Ga. App.* 254, 64 S. E. 1128; *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53, 92 S. E. 391, 392), although, if the court does charge the jury upon this subject, it must do so correctly. *Cox* v. *McKinley,* 10 *Ga. App.* 492 (73 S. E. 751). But in a suit for damages against a railway company, upon it being shown that the injury complained of was occasioned by the running of defendant's cars, it is not ordinarily then incumbent upon the plaintiff to prove the alleged negligence of the defendant by a preponderance of the evidence; but when the cause of the injury thus becomes established, the legal and statutory presumption arises that it was occasioned by the company's negligence, and in such case the law of such presumption as embraced by section 2780 of the Civil Code of 1910 must be given in charge as a part of the general law of the case, without any request to that effect. *Killian* v. *Georgia Railroad Co.,* 97 *Ga.* 727 (3) (25 S. E. 384). Thus, assuming that the evidence pertaining to the use by pedestrians of the portion of the track where the homicide occurred was sufficient to authorize the jury to find that a duty existed on the part of the company to anticipate the presence of persons on the defendant's property at that point, then we think, under the rules of law stated in the first headnote, that the instruction complained of in ground 3 of the amendment to the motion for a new trial, taken by itself, would be erroneous. This portion of the charge is as follows: "While the burden is on the plaintiff to prove her case as

alleged, by a preponderance of the evidence, it is a rule of law, that if injury is proven to have resulted to person or property by the operation of a locomotive or cars of a railroad company, the presumption arises, *in the absence of evidence to the contrary,* that such injury was due to the negligence of such company, or to the negligence of its employees." In a case where a degree of anticipatory care and prudence was owing by defendant to the deceased, and it is shown that the homicide resulted from the operation of defendant's cars, the presumption of negligence thereupon arises against the company, whether "evidence to the contrary" is introduced or not; the purpose of such rebutting testimony being to overcome and not to prevent the arising of such presumption. But the trial judge in the present case charged the jury, in the same connection and immediately following the excerpt from the charge above quoted, as follows: "This presumption, however, is merely prima facie, and may or may not be rebutted by proof; and the burden of proof is thereby shifted upon the railroad company to show that such injury was not due to its negligence or the negligence of its employees. In such cases the prima facie presumption would be successfully rebutted by the railroad company whenever it is shown by a preponderance of the evidence that the alleged injury was not due to the negligence of such company or due to the negligence of its employees." Thus, taking this entire portion of the charge, we think the clear intent and meaning thereof is not subject to the criticism offered, and that the jury could not have been thereby misled. The other objections to the charge as given, as set forth in the motion for new trial, are without merit. The jury were permitted to say whether or not the duty existed on the part of the defendant of anticipating the presence of deceased at the time and place of the alleged homicide, and, if so, whether or not such duty was met. The testimony permitted a finding for the defendant upon each of these questions; and the verdict can not, therefore, be disturbed as being contrary to evidence.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*