No. 11820. MAY 18, 1937.

*Fred T. Lanier,* for plaintiff in error.
*D. C. Jones* and *J. M. Murphy,* contra.

ROSE *v.* THE STATE.

No. 11823. MAY 18, 1937.

*Walter Jones, Hugh Shackelford,* and *Rosser Malone,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Carl E. Crow, solicitor-general, Abner M. Israel, Ellis G. Arnall,* and *E. J. Clower,* contra.

BECK, Presiding Justice. Edgar Rose was indicted for the murder of Tom Lewis, a convict guard. On the gang working

under the deceased were several prisoners, among them, besides Rose, Fred McMichen, John Henry Jackson, and J. C. Brown. According to the testimony of Jackson and Brown, the trouble started when McMichen grabbed Lewis from the back and called to the defendant to come. Rose started to where they were tussling, and called to McMichen to hold Lewis until he got there. Just before Rose reached them "the gun shot—about twenty feet away, between them." There was a gun and a pistol. At one time McMichen had the gun and Lewis had the pistol. When Rose reached them he grabbed Lewis. Then Lewis turned on Rose and was hitting him with the pistol, trying to shoot him. McMichen was then free and had a gun. He told Lewis to turn Rose loose, or he would kill him. The two separated, and Lewis started running away. Rose told McMichen to shoot Lewis; and when he did not, he then told McMichen to give him the gun, and he handed Rose the gun, and Rose shot Lewis, and he fell. It turned out that he was killed. The two witnesses testified practically to the same facts. One said he witnessed the tussling and shooting at about 100 feet distance; the other testified that he was about 120 feet away. The jury returned a verdict of guilty.

■ The court did not err in admitting in evidence two photographs purporting to represent the scene of the homicide, and showing the truck, the persons, the road, the embankment, and the scene; the objection to this evidence being that "the authenticity of the photographs was not proved otherwise than by the testimony of a negro convict." The meaning of the expression "authenticity of the photographs" is not as clear as perhaps it might have been made, but we assume that the relative positions of the objects appearing in the photographs were proved, or, if they were not, counsel for the defendant had an opportunity of cross-examining the witness as to these objects and of showing their exact location.

■ The remaining ground of the motion is as follows: "Because the following material evidence was not allowed to be presented on behalf of the defendant in cross-examination of Deputy Sheriff Aaron Denson: Questions as to the demeanor of the witness while in custody of said deputy sheriff and various alleged statements made by defendant while in custody of deputy sheriff, both tending to corroborate the defendant's statement that

the shooting was accidental and that the defendant did not know that any one had been killed." There is no merit in this ground, as it does not set forth what the questions were as to the demeanor of the witness while in the custody of the deputy sheriff, or what were the various alleged statements made by the defendant while in the custody of that officer; nor is it indicated how they tended to corroborate the defendant's statement that the shooting was accidental, and that the defendant did not know that any one had been killed. The allegation that the evidence excluded was material as a corroborating fact tending to prove and show to the jury that the homicide was purely accidental is only a conclusion of the pleader, and it is not shown how it was corroborative of the defendant's statement.

The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*