36822.  BRIDGES, Next Friend *v.* SOUTHERN RAILWAY COMPANY.

NICHOLS, J.  1.  "A person who crosses the tracks of a railroad company, not at a public crossing, or at a private crossing established by law, or at a crossing which the railroad keeps up or helps to keep up, but at a place where people are accustomed to cross, and where the railroad has done nothing in an affirmative way, and has merely taken no action to prevent such customary crossing, is a trespasser.  *Tice* v. *Central of Georgia Railway Co.,* 25 *Ga. App.* 346 (103 S. E. 262) ; *Pope* v. *Seaboard Air-Line Ry.,* 21 *Ga. App.* 251 (94 S. E. 311) ; *Dodson* v. *Southern Railway Co.,* 55 *Ga. App.* 413, 417 (190 S. E. 392) ; *Hammontree* v. *Southern Ry. Co.,* 45 *Ga. App.* 728 (165 S. E. 913) ; *Southern Railway Co.* v. *Barfield,* 112 *Ga.* 181 (37 S. E. 386)."  *Lassiter* v. *Atlanta & W. P. R. Co.,* 61 *Ga. App.* 23, 24 (5 S. E. 2d 603).

2.  "Where persons habitually, with the knowledge and without the disapproval of the railroad company, use a private passageway for the purpose of crossing the tracks of the company at a given point, the employees of the company in charge of one of its trains, who are aware of the custom, are bound, on a given occasion, to anticipate that persons may be upon the tracks at this point; and they are under a duty to take such precautions to prevent injury to such persons as would meet the requirements of ordinary care and diligence."  *Western & Atlantic Railroad Co.* v. *Michael,* 175 *Ga.* 1 (6) (165 S. E.

37). *Georgia Southern & Florida Ry. Co.* v. *Wilson,* 93 *Ga. App.* 94 (1) (91 S. E. 2d 71).

3. "Ordinarily the only duty which a railway company owes to a trespasser upon or about its property is not to injure him wantonly or wilfully after his presence has been discovered. *Ashworth* v. *Southern Ry. Co.,* 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592). But failure to exercise ordinary care to prevent the injury to a trespasser after his presence has become known is usually so much akin to wilfulness or wantonness as to create liability on the part of the company, where the failure to exercise that degree of care would render it liable. *Charleston Railway Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064); *L. & N. Railroad Co.* v. *Plunkett,* 6 *Ga. App.* 684 (65 S. E. 695)." *Pope* v. *Seaboard Air-Line Ry.,* 21 *Ga. App.* 251 (1a) (94 S. E. 311).

4. Where the agents of a railroad engaged in the operation of its train have no knowledge of a *crossing,* which is not a public crossing, or a private crossing established by law, or a crossing which the railroad keeps up or helps to keep up, but which is commonly used by the public without the express disapproval of the railroad, the only duty owed a trespasser upon or near the tracks at such point is not to wilfully or wantonly injure him after his presence is actually discovered. *Vaughn* v. *L. & N. R. Co.,* 53 *Ga. App.* 135 (4) (185 S. E. 145).

5. Under an application of the foregoing principles of law to the facts of the present case, the trial court did not err in sustaining the defendant's general demurrer to the petition. The petition alleged that Theodore Kelley was struck by one of the defendant's trains at a *crossing* which had been commonly used by the public for some 15 years, (not a public crossing, or a private crossing established by law, or a crossing which the railroad had kept up or helped to keep up, but a crossing where the railroad had done nothing in an affirmative way to prevent such trespassing), but there was no allegation that the agents in charge of the operation of the train had any knowledge of such crossing so that they would have been bound to anticipate the presence of persons upon or near the track, or otherwise knew of the presence of the deceased upon or near the track until after he was allegedly struck by such train. The plaintiff does not seek (under the allegations of the petition) a recovery for wilful and wanton

misconduct on the part of the defendant, but relies solely on the contention that the defendant failed to exercise ordinary care in not discovering the deceased on its track, and under the allegations of fact contained in the petition no such duty rested on the defendant.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

DECIDED SEPTEMBER 9, 1957—REHEARING DENIED OCTOBER 14, 1957.

*J. M. Grubbs, Jr.,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* contra.