### 24681. HUBERT et al. v. CITY OF MARIETTA.

ARGUED JUNE 10, 1968—DECIDED OCTOBER 10, 1968—
REHEARING DENIED NOVEMBER 7, 1968.

*Claud M. Hicks, W. R. Robertson, III,* for appellants.
*Arthur L. Crowe, Jr.,* for appellee.

FRANKUM, Justice. This case is before this court on appeal from the denial of the plaintiff's motion for a new trial and from the denial of a motion by the plaintiff for a judgment notwithstanding the verdict for the defendant. Dehco, Inc., and O. C. Hubert are the joint owners of a tract of land located in the City of Marietta described as follows: "All that tract or parcel of land lying and being in the City of Marietta, in Land Lot 1232 of the 16th District, 2nd Section, Cobb County, Georgia, and more particularly described as follows: Beginning at the intersection of the northeast side of Roswell Street and the northwest side of Alexander Street; running thence northwesterly along the northeast side of Roswell Street 140.2 feet, more or less to the southeast corner of property formerly Lemon, later Brisendine; thence running northerly along the line of said Lemon property 113.5 feet, more or less, to the south side of Anderson Street; thence running 138.4 feet, more or less, to the

southwest corner of Alexander Street and Anderson Street; thence running southerly along the westerly side of Alexander Street 164.8 feet, more or less, to the north side of Roswell Street at the point of beginning. This is the same property conveyed by deeds recorded in Deed Book 175, page 26, Cobb County Records."

Situated on the property is a building, the east wall of which abuts on Alexander Street for a distance of approximately 83 feet. At the rear of the building is an area of the plaintiffs' lot trapezoidal in shape which is bounded on the south and on the west by portions of the plaintiffs' building and the east by Alexander Street and on the north by Anderson Street. Alexander Street extends northwardly from Anderson Street at a point centered approximately 40 feet to the west of the northwest corner of the plaintiffs' property. It does not appear that Anderson Street has ever been opened for vehicular traffic to the east of its juncture with the aforesaid northward extension of Alexander Street or that that portion of Alexander Street along the east side of plaintiffs' property has ever been opened from a point approximately 30 feet south of the northeast corner of plaintiffs' lot. For a number of years the public has been accustomed to traversing a portion of the northeast corner of plaintiffs' property in traveling to and from the northerly extension of Alexander Street and that portion of Alexander Street lying to the east of plaintiffs' property. Shortly before the commencement of this action in June 1963 the plaintiff sought to block off the passage across the northeast corner of the property in question by erecting iron stakes and placing other obstructions along the boundary of the property abutting Alexander Street on the east. Thereafter agents of the defendant city upon authorization and direction of the municipal authorities entered onto plaintiffs' land and battered down the stakes and removed the other obstructions with a bulldozer. The plaintiffs brought this action to enjoin the city and the officials thereof from interfering with their enjoyment and exclusive possession of the property in question and to recover damages for the acts of the defendant's agents in trespassing upon their property. The defendant in its answer denied the material allegations of the

plaintiffs' petition, and upon the trial of the matter before a jury a verdict for the defendant was rendered. Thereafter, the plaintiffs' motion for a new trial and motion for a judgment notwithstanding the verdict were overruled and the appeal here is from the judgments overruling those motions.

■ The first special ground of the motion for a new trial complains because the trial court admitted in evidence over the plaintiffs' objection two aerial photographs, Exhibits D9 and D10, the latter being an enlargement of a portion of D9. Plaintiffs objected to the admission of these photographs on the grounds that no proper foundation had been laid for their introduction and that it was not shown who took the photographs or how they were taken or at what altitude the airplane was flying at the time the photographs were taken. The court overruled this objection and this action is made the ground of plaintiffs' fourth enumeration of error. These grounds of objection were not meritorious. Before these photographs were admitted in evidence defendant's witness White testified that he was employed by the City of Marietta in the capacity of Public Works Director, having been so employed for about eleven years; that he was familiar with the area in the general vicinity of plaintiffs' property and that the aerial photographs were fair and accurate representations of what existed on the date the photographs were taken. This was prima facie sufficient to authorize their admission, and if the plaintiff wished to test the knowledge of the witness as to the authenticity of the photographs he had ample opportunity to do so while the witness was upon cross examination. See *Evans v. State,* 70 Ga. App. 500 (1) (28 SE2d 671); *Rose v. State,* 184 Ga. 451 (1), 452 (191 SE 426); and *Hill v. State,* 201 Ga. 300, 307 (6) (39 SE2d 675). We see no reason why a different rule should be applied to aerial photographs than is applied to other photographs offered in evidence. The case of *Moore v. McConnell,* 105 Ga. App. 758, 759 (1) (125 SE2d 675), relied upon by the appellant, is clearly distinguishable from this case because in that case no evidence was offered in any manner identifying the photographs sought to be introduced.

■ In the fifth enumeration of error and in the fifth ground of their motion for a new trial the appellants contend that the

trial court erred in failing to charge the jury all of the law with respect to prescriptive title. The reporter's transcript transmitted to this court as a part of the record on appeal in this case shows that the trial judge charged the jury with respect to prescriptive title exactly in the language requested by the appellant. The transcript further shows that after the jury had retired to consider the case and had returned for additional instructions there was a lengthy colloquy between the foreman of the jury, the trial judge, and counsel for both parties respecting the charge on prescriptive title. During the course of that colloquy counsel for the appellant was afforded ample opportunity to object to the sufficiency of the charge as given. However, no objection was interposed, but counsel for the plaintiff on the contrary clearly and unmistakably conceded the sufficiency of the charge as given when, during the course of that colloquy, he suggested to the judge that apparently the jury had not fully understood or comprehended the phrase contained in the charge requested to the effect that prescriptive title could not be acquired where the use was by the mere permission of the owner. Under all circumstances of the case we think counsel for the appellant effectively waived any objection he may have had respecting the sufficiency and completeness of the charge on prescriptive title when, after requesting the charge as given, he failed to point out the deficiency which he now claims to have existed therein, although afforded ample opportunity to do so. For this reason, if for no other, this ground of the motion for a new trial, and the enumeration of error in reference thereto, fails to show harmful or reversible error.

■ "As a general rule, it will not be held to be reversible error, in the absence of a timely and appropriate request, to omit to instruct the jury upon the burden of proof (*Small v. Williams,* 87 Ga. 682 (13 SE 589) ; *Brooks v. Griffin,* 10 Ga. App. 497 (5) (73 SE 752) ; *Central R. Co. v. Manchester Mfg. Co.,* 6 Ga. App. 254 (64 SE 1128) ; *Lazenby v. Citizens Bank,* 20 Ga. App. 53 (92 SE 391, 392))), although, if the court does charge the jury upon this subject, it must do so correctly. *Cox v. McKinley,* 10 Ga. App. 492 (73 SE 751)." *Pope v. Seaboard Air-Line R.,* 21 Ga. App. 251, 255 (94 SE 311). In this case the trial judge in

charging the jury merely instructed them that "the burden is on the plaintiffs to establish their rights to recover by a preponderance of the evidence." As we have pointed out this was an action to enjoin the defendants from trespassing on the plaintiffs' property. The plaintiffs proved their title to the tract in question. The defendant relied upon prescription to defeat the plaintiffs' claim, that is to show that an easement for street purposes had been established across the corner of the plaintiffs' lot. The burden is on one who relies on prescriptive title to establish it. *Dyal v. Sanders,* 194 Ga. 228, 233 (21 SE2d 596); *Patellis v. Tanner,* 199 Ga. 304 (2) (34 SE2d 84). Thus it will be seen that such instructions as the judge gave to the jury regarding the burden of proof were incorrect. This is complained of in the appellants' sixth ground of enumerated error complaining of the overruling of ground 6 of their amended motion for a new trial. This was such an error in the charge as requires a reversal of the case notwithstanding no objection was made to the charge, or to the omission from the charge, at the time the charge was given.

■ In the final enumeration of error and in the seventh ground of the motion for a new trial complaint is made that the trial court erred in refusing to recharge the jury on permissive use as requested by the foreman. The record discloses that after the jury had been deliberating for some time they were brought back into the courtroom and the foreman requested a recharge on "permissive use of a property as it applies to prescriptive title." The court then undertook to recharge the jury on this subject substantially as it had charged them earlier. Considerable colloquy between the court, counsel and foreman of the jury ensued, in which it appeared that the foreman of the jury was still uncertain about the subject. However, the court declined to further instruct the jury with respect thereto. "When the jury requests the court to re-charge them on any point, it is the duty of the court to do so." *Phelps v. State,* 75 Ga. 571 (4), supra. See *O'Shields v. State,* 55 Ga. 696 (4). Under the rule quoted, the trial court erred in not giving the jury the additional instructions they desired, and this error also requires a reversal of the judgment denying a new trial.

■ With respect to the general grounds of the motion for a new trial and the complaint on the failure of the court to grant a judgment notwithstanding the verdict, it is sufficient to say that the evidence was in conflict and did not demand a verdict for the plaintiffs. The trial court, therefore, did not err in denying plaintiffs' motion for a new trial on the general grounds, nor did it err in denying the plaintiffs' motion for judgment notwithstanding the verdict.

*Judgment affirmed in part; reversed in part. All the Justices concur except Duckworth, C. J., who dissents from the judgment of reversal.*