## MULLIS et al. v. PHILLIPS.

1. There was sufficient evidence to authorize the jury to find that the will to the probate of which a caveat was filed was duly executed, and that the witnesses signed the same in the presence of the testator, and that he signed in their presence.

2. The charge of the court to the jury, that "the testator need not have actually seen the witnesses sign, if in his position he might have so seen," was not erroneous. *Robinson* v. *King*, 6 *Ga.* 539; *Gordon* v. *Gilmore*, 141 *Ga.* 347 (8), 348 (80 S. E. 1007).

3. The will offered for probate in several items recited that the testator did "will and bequeath" certain specified property; it was signed by the testator, and following his signature was the attestation clause, "Signed in the presence of and of each other, this the 26 day of October, 1920," which attestation clause was followed by the signatures of four witnesses. *Held,* that while the attestation clause was not in the most usual form, it was sufficient; and the court did not err in stating to the jury, in the course of his instructions, that "A document is offered which in form is legal and regular, which measures up to the requirements of the law on its face." *Deupree* v. *Deupree,* 45 *Ga.* 415 (2); 40 Cyc. 1125.

4. The court having instructed the jury that the burden was on the propounder to establish the will by a preponderance of evidence, it is not ground for the grant of a new trial that the court failed to charge the jury that the burden which the law placed upon the propounder was, in the first instance, "to prove the factum of the will, that at the time of the execution of the will the testator apparently had sufficient mental capacity to make it, and in making it acted freely and voluntarily."

5. Where one of the issues upon a probate of a will raised by the caveat thereto is whether the testator had testamentary capacity, the court should not give to the jury instructions which contain language that would exclude from their consideration the reasonable or unreasonable disposition made in the will of the testator's estate, in passing upon the issue as to whether the testator had testamentary capacity. But in the instant case there was no evidence from which the jury could have found that there were such inequalities in the provisions of the will as would authorize the jury to find that the testator had made an unreasonable disposition of his estate; consequently the charge referred to could not have been hurtful.

No. 2695. FEBRUARY 20, 1922.

Appeal. Before Judge Hammond. Columbia superior court. June 8, 1921.

*L. D. McGregor,* for plaintiffs in error.

*J. T. Olive* and *John T. West & Son,* contra.

BECK, P. J. Mrs. Julia S. Phillips offered for probate in solemn form an instrument in writing purporting to be the last will and testament of James I. Phillips. Mrs. Lula Phillips Mullis and others, alleging themselves to be heirs at law of the testator, filed their caveat to the probate, on the grounds that the testator, at the time of the execution of said will, was not of sound and disposing mind and memory, and was mentally incapable of making a disposition of his property by will; that he did not execute the will freely and voluntarily, but was moved thereto by undue influence exercised upon him by his son, T. Elwood Phillips; that at the time of the execution of the will the testator did not see the witnesses as they signed their names as such, neither was he in a position to see the attesting witnesses sign the will, and could not have seen them sign without changing his position; that he did not know the contents of the will, the property he was disposing of, nor the parties to whom he was devising it.

Upon hearing the case the ordinary adjudged that the will be probated in solemn form; and the caveators filed their appeal· to the superior court, where the case came on for trial, and the jury returned a verdict in favor of the propounder. The caveators made a motion for new trial, which was overruled, and they excepted.

1-3. The rulings made in headnotes 1, 2, and 3 require no elaboration.

4. Error is assigned upon the failure of the court to charge the jury that the burden which the law placed upon the propounder of the last will and testament was, in the first instance, " to prove the factum of the will, that at the time of the execution of the will the testator apparently had sufficient mental capacity to make it, and in making it acted freely and voluntarily." This charge is one which is proper to give in all cases where there is an issue as to the proper execution of the will and the testamentary capacity of the testator is involved. But the failure to give this charge is not ground for the grant of a new trial in this case, no written request for the same having been given, and it appearing from an

inspection of the charge that the court did charge generally that "the burden is on the plaintiffs to establish — the propounders to establish the will by the greater weight of credible testimony." And it also appears that the judge had charged the jury as to what constituted testamentary capacity, and as to the proper execution of a will and the necessary formalities to be observed. Moreover, it has been held that failure to charge upon the burden of proof, in the absence of a written request therefor, is not reversible error. *Hickman* v. *Bell,* 10 *Ga. App.* 319 (73 S. E. 596) ; *Whittle* v. *Central of Ga. Ry. Co.,* 11 *Ga. App.* 257 (74 S. E. 1100).

5. The court charged the jury as follows: "I want to say this to you: Juries and courts don't make wills for people. We don't sit up here and say, 'Why, this will is not exactly just and right, and we think so and so ought to be done between the parties.' If this was true, then there wouldn't be any will making in this country." This charge is excepted to on the ground that it is argumentative, and that it contravenes the provisions of the statute that the jury should consider the reasonableness or unreasonableness of the disposition of the estate of the testator, in determining whether he was mentally capacitated to make the will. The judge further charged the jury that "The court has no concern with the exact details of whether the will is, in the opinion of the court and jury who try the case, exactly just or right." Section 3841 of the Civil Code provides: "Eccentricity of habit or thought does not deprive a person of power of making a testament; old age, and the weakness of intellect resulting therefrom, does not, of itself, constitute incapacity. If that weakness amounts to imbecility, the testamentary capacity is gone. In cases of doubt as to the extent of this weakness, the reasonable or unreasonable disposition of his estate should have much weight in the decision of the question." The extracts from the charge which we have set forth above are criticised upon the ground that they contravene that part of the statute quoted declaring that in cases of doubt as to the extent of the weakness of intellect the reasonable or unreasonable disposition of his estate by the testator should have weight in the decision of the question. And if there were evidence in the case tending to show the value of the distributive shares given to each of the legatees, so that the jury from the evidence

in the case would have been authorized to find that there were inequalities in the value of the legacies bequeathed, there would have been merit in the criticism of the charge. But in view of the fact that there was no evidence from which the jury could find that there existed inequalities, the charge could not have been hurtful, and it was therefore not error requiring the grant of a new trial.        *Judgment affirmed. All the Justices concur.*